UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER 11-61060-CIV-MARRA/JOHNSON

BRIAN HOESCH,

Plaintiff,

vs.

BROWARD COUNTY, FLORIDA,

Defendant.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant Broward County's Motion to Dismiss (DE 4); Plaintiff Brian Hoesch's Motion to Remand to State Court (DE 5); Plaintiff Brian Hoesch's Motion to Request Hearing on Defendant's Motion to Dismiss (DE 13) and Plaintiff Brian Hoesch's Motion to Request Hearing on Plaintiff's Motion to Remand Cause to Broward Circuit Court (DE 14).

I.  Background

Defendant Broward County ("Defendant") filed its Notice of Removal of Plaintiff Brian Hoesch's ("Plaintiff") Amended Complaint on May 9, 2011 pursuant to 28 U.S.C. §§ 1441, 1446, 1331, 1367. (DE 1). According to the allegations of the Amended Complaint, Plaintiff, lived in Broward County, with Mercedes, an eight year old pit bull mix dog. (Am. Compl. ¶¶ 6-7.) On November 24, 2008, Mercedes accidently escaped from the Hoesch's backyard and began running around the neighborhood. (Am. Compl. ¶ 11.)  "Mercedes then confronted and may have contributed to the death of a twelve year old cat, owned by Stan Peters." (Am. Compl. ¶ 12.)

Mercedes was taken into custody and remained in custody of the Broward County Consumer Services Department, Animal Care and Regulation Division ("the Division"). (Am. Compl. ¶ 13.)

On December 1, 2008, the Division served a "dangerous dog disposition" notice pursuant to Broward County Ordinance 4-12(j)(2), seeking to destroy Mercedes. (Am. Compl. ¶ 14.) Plaintiff obtained an attorney and paid a legal fee. (Am. Compl. ¶ 15.) Plaintiff's attorney informed Defendant that its ordinance was in conflict with the State of Florida's dangerous dog law and therefore could not be used to destroy Mercedes. (Am. Compl. ¶ 16.) Plaintiff's attorney subsequently filed a lawsuit contending the county ordinance was unconstitutional. (Am. Compl. ¶ 17.)

Mercedes was eventually moved, per court order, to the "VCA Animal Hospital" ("VCA") pending resolution of the case and Plaintiff was obligated to pay for its boarding. (Am. Compl. ¶ 18.) Eventually, the Fourth District Court of Appeal of Florida ruled that the Broward County's dangerous dog ordinance was unconstitutional. (Am. Compl. ¶ 19.)

Mercedes was released from custody on February 11, 2011. Plaintiff paid approximately $19,010.00 in boarding fees at the VCA and Plaintiff and his family lost the benefit of more than two years of Mercedes' love and affection. (Am. Compl. ¶ 20.)

The Amended Complaint brings one count for inverse condemnation and one count for a violation of 42 U.S.C. § 1983. Defendant moves to dismiss the inverse condemnation claim because it seeks damages beyond compensation for the value of the property. With respect to Plaintiff's section 1983 claim, Defendant contends that the Complaint fails to negate any rationale basis for the County's ordinance. Plaintiff's motion for remand asserts that the state

claim predominates over the entire matter.

<u>II.  Motion for Remand</u>

Plaintiff seeks remand of the entire case, which includes the federal section 1983 claim as well as the state law inverse condemnation claim.  Plaintiff's basis for this request is 28 U.S.C. § 1367(c) and 28 U.S.C. § 1441(c).

Section 1367 of Title 28 in pertinent part states:

(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.
. . . .

(c) The district courts may decline to exercise *supplemental jurisdiction* over a claim under subsection (a) if--

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367 (emphasis added).  Based on this clear, statutory language, section 1367(c) "cannot be fairly read as bestowing on district courts the discretion to remand to a state court a case that includes a properly removed federal claim." <u>In re City of Mobile</u>, 75 F.3d 605, 607 (11th Cir. 1996) <u>citing</u> <u>Borough of West Mifflin v. Lancaster</u>, 45 F.3d 780, 787 (3d Cir.1995).  In other words, to the extent Plaintiff seeks to remand the section 1983 claim pursuant to section

3

1367(c), the Court rejects this application.

Nor does the Court find that remand is appropriate under 28 U.S.C. § 1441(c). That provision provides, "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates." 28 U.S.C. § 1441(c). Here, Plaintiff admits that the section 1983 claim is "based on the same facts and circumstances as the inverse condemnation claim in that [ ] Plaintiff is seeking to hold [Defendant] accountable for its actions in relying on an illegal ordinance to deprive [ ] Plaintiff of the use and benefit of its property." (DE 5 at 7.) Therefore, these claims are not "separate and independent" of each other. City of Mobile, 75 F.3d at 608 ("Where both federal and state causes of actions are asserted as a result of a single wrong based on a common event or transaction, no separate and independent federal claim exists under section 1441(c).") As such, section 1441(c) does not control and this Court will "retain jurisdiction over the properly removed federal claim." Id. at 607-08; Gordon v. Beary, No. 6:08-cv-73-Orl-19KRS, 2008 WL 3258496, at * 5 (M.D. Fla. Aug. 6, 2008) (declining to remand under section 1441(c) when section 1983 and the state law claims arose out of the plaintiff's arrest and prosecution).

To the extent Plaintiff seeks remand of only the state law claim, the Court declines to grant that relief and chooses instead to exercise supplemental jurisdiction over that claim. See Raney v. Allstate Ins. Co., 370 F.3d 1086, 1088-89 (11th Cir. 2004) ("[t]he decision to exercise supplemental jurisdiction over pendant state claims rests within the discretion of the district court"). Plaintiff contends that the state law claim raises a novel or complex issues of state law

4

because (1) it concerns the "constitutionality of a local animal control ordinance as it conflicted with a State animal control ordinance" and (2) it raises the issue whether Plaintiff can be compensated for loss of "loyalty, love and affection" it provides to its owner. (DE 5 at 6).  With respect to the constitutionality argument, a state court has already ruled on that issue.  See Hoesch v. Broward County, 53 So. 3d 1177 (Fla. Dist. Ct. App. 2011).  Nor does the Court find that Plaintiff's claim regarding damages for inverse condemnation novel as highlighted in its discussion of this issue with respect to the motion to dismiss infra.

Equally unpersuasive is Plaintiff's assertion that the state law claim predominates.  To begin, Plaintiff merely relies on a conclusory assertion in support (i.e., the state law claim is "the main claim in the case").  (DE 5 at 5.)  Furthermore, one of the cases cited by Plaintiff in support, Department of Agriculture & Consumer Svcs. v. Bogorff, 35 So. 3d 84 (Fla. Dist Ct. App. 2010), does not address supplemental jurisdiction, but inverse condemnation law.   Plaintiff also claims that "[e]ven under a 1983 claim involving a deprivation of a property interest . . . [s]tate law defines the parameters [of] the claim." (DE 5 at 5 citing Bradsheer v. Florida Dep't of Highway Safety and Motor Vehicles, 20 So. 3d 915 (Fla. Dist. Ct. App. 2009).)  Plaintiff's Amended Complaint, however, does not allege a due process claim as part of his section 1983 claim.  The complaint alleges an equal protection claim, and the fact that it pertains to a Florida resident does not make it a matter of predominately state law.

Additionally, Plaintiff suggests that the state law claim should be remanded based on "exceptional circumstances;" specifically, the filing of his motion to tax costs in state court.  (DE 5 at 2; Motion to Tax Costs, DE 5-1.)  Plaintiff's motion to tax costs, filed March 14, 2011, was improperly filed in the state appellate court and not the trial court. See Fla. R. Civ. P 9.400(a);

5

Spano v. Spano, 982 So. 2d 1184 (Fla. Dist. Ct. App. 2008). Based on this record, there is no indication that Plaintiff cured this mistake or that the motion is pending before the proper state tribunal.

Lastly, remand of only the state law claims would lead to the prospect of parallel proceedings in both federal and state court. Such a situation would be wasteful of judicial resources since this Court can properly exercise jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. Baggett v. First National Bank of Gainesville, 117 F.3d 1342, 1353 (11th 1997) (citing Palmer v. Hospital Authority of Randolph County, 22 F.3d 1559, 1569 (11th Cir.1994)) (considerations of judicial economy, convenience, fairness, and comity may influence the court's discretion to exercise supplemental jurisdiction). Accordingly, the Court sees no reason to remand Plaintiff's state law claims

### III.  Motion to Dismiss

#### A. Legal Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b) (6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950.  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

 B.  Discussion

 1.  Inverse Condemnation

Defendant seeks to dismiss this claim because the Amended Complaint seeks damages for boarding expenses, emotional distress, and loss of love and companionship.  According to Defendant, these damages are non-recoverable, and the claim should therefore be dismissed.

Damages in an inverse condemnation case are limited to "just compensation" for the value of the property, and damages for emotional distress are not recoverable.  See City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 749 n.10 (1999) (Souter, J., concurring in part and dissenting in part); Eide v. Sarasota County, 908 F.2d 716, 720 (11th Cir. 1990); see also Patchen v. Florida Dep't of Agriculture and Consumer Svcs., 906 So. 2d 1005, 1012 (Fla. 2005) ("Damages in an inverse condemnation action are assessed based on the value of the property on the date of the taking"); City of Jacksonville v. Schumann, 167 So. 2d 95, 98 (Fla. Dist. Ct. App. 1964) ("Inverse condemnation has been defined as the popular description of a cause of action against a governmental defendant to recover the value of property which has

been taken in fact by the governmental defendant.").

In response, Plaintiff merely re-states the assertions in the Amended Complaint and also states that he is entitled to pre-judgment interest for a taking. Given the case law cited herein, the Court finds that damages for boarding expenses, emotional distress, and loss of love and companionship are not recoverable. However, in a situation of a temporary taking, Plaintiff is entitled to damages for loss of use of the property due to the taking. See In re Forfeiture of 1976 Kenworth Tractor Trailer Truck, Altered VIN 243340M, 576 So.2d 261, 264 (Fla.1990) (McDonald, J., concurring); Pondella Hall for Hire, Inc. v. Lamar, 866 So. 2d 719, 724 (Fla. Dist. Ct. App. 2004).[1] For that reason, the Court rejects Defendant's basis for dismissal of the claim for inverse condemnation.

2. Section 1983

According to the Amended Complaint that "Broward County's dangerous dog ordinance is facially inconsistent with [the] dangerous dog law promulgated by the State of Florida and other counties in a manner which deprived Plaintiff of his federal constitutional right to equal protection of the laws. Broward County deprived Plaintiff of his federal right to equal protection of the laws when compared with the rest of the dog owners in the State of Florida not subject to its unconstitutional ordinance." (Am. Compl. ¶ 30.)

The Eleventh Circuit in Leib v. Hillsborough County Public Transportation Commission, 558 F.3d 1301 (11th Cir. 2009) aptly sets forth the parameters of equal protection law as it applies to Plaintiff's claim:

---

[1] Based on this clear and established law, the Court does not find that the issues of state law are novel. See supra section II.

> The Equal Protection Clause requires the government to treat similarly situated persons in a similar manner. Gary v. City of Warner Robins, Ga., 311 F.3d 1334, 1337 (11th Cir. 2002).
>
>     *   *   *
>
> A "class of one" equal protection claim does not allege discrimination against a protected class, but rather asserts that the plaintiff "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Young Apartments, Inc. v. Town of Jupiter, Fla., 529 F.3d 1027, 1032 n.1 (11th Cir. 2008) (quoting Griffin Indus. v. Irvin, 496 F.3d 1189, 1202 (11th Cir. 2007)). To prove a "class of one" claim, the plaintiff must show (1) that he was treated differently from other similarly situated individuals, and (2) that the defendant unequally applied a facially neutral ordinance for the purpose of discriminating against him. Id. at 1045.

Leib, 558 F.3d at 1306-07.

Simply put, Plaintiff's equal protection claim suffers from a fundamental defect. Plaintiff complains that Broward county has treated him differently than another government body, the state of Florida, treats him and others. This is a faulty assertion because an equal protection claim prohibits the same governmental body from treating similarly situated people differently. Plaintiff's claim, however, alleges that different government bodies treated similarly situated persons (i.e., dog owners) differently. To allege a valid equal protection claim against Broward County, Plaintiff would need to allege that Broward County treated him differently from other Broward County dog owners. For example, if Defendant applied the county ordinance only against Plaintiff's dog, and not against any other dog who killed one cat, Plaintiff might have an equal protection claim. For this reason, the Court will dismiss the equal protection claim as pled, but will allow Plaintiff to attempt to cure this defect, assuming he can do so in good faith and subject to the requirements of Rule 11 of the Federal Rules of Civil Procedure.[2]

---

[2] Plaintiff's response memorandum states that "Plaintiff has a Federal and State right to possession of private property that cannot be illegally deprived from him under color of law."

IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1) Defendant's Motion to Dismiss (DE 4) is **GRANTED IN PART AND DENIED IN PART.**

2) Plaintiff's Motion to Remand to State Court (DE 5) is **DENIED.**

3) Plaintiff's Motion to Request Hearing on Defendant's Motion to Dismiss (DE 13) is **DENIED.**

4) Plaintiff's Motion to Request Hearing on Plaintiff's Motion to Remand Cause to Broward Circuit Court (DE 14) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 20th day of July, 2011.

_____
KENNETH A. MARRA
United States District Judge

---

(DE 12 at 3.) Plaintiff appears to be asserting a constitutional claim for property deprivation, although this is not pled in the Amended Complaint.  Plaintiff also seeks leave to bring a negligence claim. (DE 12 at 3 n.1.)  The Court will grant Plaintiff leave to amend to attempt to bring these claims.